[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Derrol McCladdie ("appellant"), appeals from his sentence imposed by the Cuyahoga County Court of Common Pleas. For the reasons that follow, we affirm. On November 10, 1998, in CR-369096, the Cuyahoga County Grand Jury returned an indictment charging appellant with aggravated robbery in violation of R.C. 2911.01 with a three-year firearm specification in violation of R.C. 2941.145, and having a weapon while under a disability in violation of R.C. 2923.13. On November 23, 1998, in CR-369464, appellant was also indicted for three counts of aggravated robbery with firearm specifications and two counts of having a weapon while under a disability.
 {¶ 2} On February 1, 1999, in both cases, appellant withdrew his formerly entered pleas of not guilty and entered pleas of guilty to the amended charges in CR-369096 of aggravated robbery with a one-year firearm specification, a first-degree felony and in CR-369464 of aggravated robbery. All remaining counts against appellant were nolled by the State.
 {¶ 3} On February 12, 1999, the trial court imposed its sentence upon appellant, in CR-369096, of one-year imprisonment for the firearm specification to be served prior to and consecutive to four years imprisonment for the aggravated robbery. In regard to CR-369464, the trial court sentenced appellant to four years imprisonment to run concurrently with his sentence in CR-369096. Between the two cases, appellant was sentenced to a total of five years imprisonment as agreed in the plea agreement. It is from this sentence that the appellant appeals and submits a single assignment of error for our review.
 {¶ 4} "The trial court erred to the prejudice of appellant in violation of the due process and equal protection clauses of Article I, Sections 2 and 10 of the Ohio Constitution, and the Fourteenth Amendment to the Constitution of the United States, when the court departed from the statutory mandate to impose a sentence in excess of the minimum upon an offender who had not yet served a prison term."
 {¶ 5} Arguing pro se, the appellant essentially claims that the trial court erred when it departed from imposing the minimum three-year sentence in regard to the aggravated robbery charges because appellant had not previously served a term of imprisonment. Appellant relies on R.C. 2929.14(B) and State v. Edmonson (1999), 86 Ohio St.3d 325.
 {¶ 6} The appellant claims that under R.C. 2929.14(B), the trial court was required to impose the shortest prison term authorized unless it made the required findings, that the shortest prison term would demean the seriousness of the appellant's conduct or would not adequately protect the public from future crime by the appellant.
 {¶ 7} Specifically, R.C. 2929.14(B) provides:
 {¶ 8} "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 9} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 10} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 11} The State argues that, under R.C. 2953.08(D), the appellant is precluded from arguing that the trial court failed to make the required findings under R.C. 2929.14(B) because appellant agreed to the sentence that was imposed.
 {¶ 12} R.C. 2953.08(D) provides:
 {¶ 13} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section."
 {¶ 14} A review of the transcript reveals that the trial court engaged in the following colloquy:
 {¶ 15} "Mr. Gorie [The Prosecutor]: * * * Again, it's the State's understanding that the defendant will serve an aggregate term of five years in prison for these offenses.
 {¶ 16} "The Court: Mr. Gibbons, on behalf of the defendant.
 {¶ 17} "Mr. Gibbons: Your Honor, everything that Mr. Gorie said is correct.
 {¶ 18} "The Court: And Mr. Peterson on behalf of the defendant?
 {¶ 19} "Mr. Peterson: That's correct, Your Honor.
 {¶ 20} "The Court: Mr. McCladdie, you've heard the statements of the prosecuting attorney and your own lawyers. Do you understand what they have said?
 {¶ 21} "The Defendant" Yes, I do, Your Honor."
 {¶ 22} Further, the court informed appellant as follows:
 {¶ 23} "The Court: The penalty for the aggravated robberies that you are going to plead guilty to in each of these two cases being felonies of the first degree, carry with them possible penalties of three, four, five, six, seven, eight, nine or ten years in each case and up to a $20,000 fine in each case. Do you understand that?
 {¶ 24} "The Defendant: Yes, Your Honor.
 {¶ 25} "The Court: Further, as charged, in Case Number 369096, there is a three-year firearm specification. You understand that?
 {¶ 26} "The Defendant: Yes, Your Honor.
 {¶ 27} "The Court: Do you further understand that as it has been agreed upon between yourself, your lawyers and the prosecutor in this case, that in each of these two cases, the Court is going to sentence you on the aggravated robbery sentence to four years and I'm going to run those together, and on Case Number 369096, I'm going to sentence you to one year instead of the three that you are charged with, and we're going to reduce it to one year and make that consecutive to the four years making it a total sentence of five years. Do you understand that for the two cases?
 {¶ 28} "The Defendant: Yes, I do, Your Honor."
 {¶ 29} In State v. Kimbrough, (Mar. 2, 2000) Cuyahoga App. Nos. 75642, 75643 75644, this Court stated: "The plain language of R.C.2953.08(D) states that, as long as a jointly recommended sentence is authorized by law, the appellate court may not review the sentence. A sentence is authorized by law under R.C. 2953.08(D) as long as the prison term imposed does not exceed the maximum term proscribed by the statute for the offense. [citations omitted]."
 {¶ 30} It is clear from the record that appellant's sentence was authorized by law because the four-year concurrent terms of imprisonment do not exceed the ten-year maximum terms proscribed for the offenses of aggravated robbery. State v. Walker (Dec. 6, 2001), Cuyahoga App. No. 79630. The appellant does not dispute the sentence of one-year imprisonment for the firearm specification. The transcript reveals that the prosecutor and defense attorneys jointly recommended the sentence to the trial court to which the appellant also voiced his understanding and agreement. Thus, R.C. 2953.08(D) precludes this court from reviewing appellant's sentence. "To hold that [appellant] may now challenge the propriety of the sentences to which he agreed would contradict both the plain language of R.C. 2953.08(D) and common sense." State v. Sattiewhite
(Jan. 31, 2002), Cuyahoga App. No. 79365, 6-7. Accordingly, appellant's single assignment of error is without merit and is overruled.
TIMOTHY E. MCMONAGLE, J., AND SEAN C. GALLAGHER, J., CONCUR.